```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


  _____

  UNITED STATES OF AMERICA,

                   Plaintiff,          Criminal Action
                                       No. 16-10178-DJC
  V.
                                       July 17, 2018
  GORKY GONZALEZ,

                   Defendant.
  _____




            TRANSCRIPT OF STATEMENT OF REASONS

          BY THE HONORABLE DENISE J. CASPER

             UNITED STATES DISTRICT COURT

           JOHN J. MOAKLEY U.S. COURTHOUSE

                  1 COURTHOUSE WAY

                   BOSTON, MA  02210
```

DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
joycedebra@gmail.com

* * * * * * * * * *

THE COURT: Counsel, I appreciate the recommendations on either side here. I also appreciate that the parties conferred and made considered negotiations about the parameters of the recommendation range in the plea agreement, which I imagine was the result of some back and forth.

Mr. Gonzalez, because the plea agreement that you entered would be binding on me as to what your sentence would be if I accept your plea, I held off on accepting your plea until this point so I would have the benefit of all of the information in the record to decide whether or not I think a sentence in that range is reasonable under all of the facts and circumstances of your case.

Mr. Gonzalez, to determine whether or not that recommendation, whether the sentence should be somewhere between 48 months, as your counsel has argued, or 60 months, as the government argues, I have to consider all of the factors under 18, United States Code, 3553(a). That is, I have to consider not just the nature of the crime that you committed here, but your personal background and the need for any sentence I impose to be sufficient, but not greater than necessary, to satisfy the goals of sentencing, and those goals are providing just punishment and adequate deterrence, avoiding unwarranted sentencing disparities, and reflecting the seriousness of the offense and respect for the law.

Mr. Gonzalez, I want to say a few things about some of the factors I considered and weighed here.

I'm certainly aware that you've pled guilty to participating in a conspiracy to distribute oxycodone. You were intercepted on the phone I believe of your brother during the course of the investigation talking about and arranging for the purchase and sale of oxycodone. As the government points out, there's evidence to suggest that after your brother was charged in two thousand -- in the summer of 2016, you took a greater role in coordinating parts of that illegal drug business. So I've considered certainly the very serious nature of the crime, but also your respective role in it. I think the government puts you, in terms of culpability, below your brother Jesus Gonzalez and Mr. Astacio, but somewhat in a more culpable position than perhaps other co-defendants, even though you were in the conspiracy for a shorter period of time. I've considered all of those factors.

I have also considered your personal history.

I believe you're 26 years old.

As your counsel referenced, you were born in Puerto Rico but moved to Massachusetts, to Lowell first, if I recall, when you were an infant, and you were raised in Lawrence.

You have four siblings, and I think you have some half-siblings that include -- your siblings include your co-defendant, Jesus Gonzalez.

Your father was deported, as your counsel said, when you were young. You were raised largely by your mother.

The PSR and the sentencing memo filed on your behalf reflect a home where you were witness to and perhaps subject to domestic violence and certainly subject to homelessness as well and suffered some abuse by one of your employers later in your teen years.

I've taken note of the fact that you only have a ninth grade education, if that, given some of your learning disabilities; and that there's some reflection in the record of some mental health treatment or issues that needed to be treated, although it's unclear whether any of those things were appropriately diagnosed and treated. There's some reference, as your counsel mentioned, to depression, but it wasn't clear to me in the record what the nature of those issues are, but I have considered that there may be mental health issues other than the impact of regular and extended alcohol and drug abuse that occurred from your early teens to I think shortly before you were arrested in this case.

As a result of your criminal history, which is at Category IV already, you have a limited work history. I've also considered the nature of your criminal history. You've scored into Criminal History IV based on convictions at ages 18 and 20 for resisting arrest, breaking and entering, and carrying a firearm without a license, the last of which you

1  were still serving, I think, your probation at the time that
2  you committed this crime.
3      In regards to the advisory guideline sentencing range,
4  the joint recommendation of a sentence somewhere between 48 and
5  60 months comes below the advisory guideline sentencing range,
6  which is significantly higher at 84 to 105 months, and I
7  recognize that the advisory guideline sentencing range is only
8  one factor, and it is one, though, that I need to consider.
9      I think it's fair to say that that guideline
10 sentencing range is driven by your drug quantity, the drug
11 quantity that's attributed to you, and perhaps more so by your
12 criminal history here.
13     As the government points out, you were involved in a
14 conspiracy for a shorter period of time, which I've considered,
15 which is to some degree reflected in the lesser drug quantity
16 weight, but perhaps not entirely.
17     And obviously, the other factors that your counsel
18 points out on your behalf in regards to your personal history,
19 and particularly some of the matters that have gone untreated,
20 are obviously not accounted for in that guideline range, and
21 I've considered that as well.
22     Finally, I've considered all of the goals of
23 sentencing, your relative culpability in regards to the other
24 co-defendants, and that a serious sentence is warranted, but,
25 as your counsel says, one that's sufficient, but not greater

```
 1    than necessary, to achieve the goals I've mentioned.  The
 2    sentence I'm going to impose I think appropriately is below the
 3    advisory sentencing guideline range to reflect all of the
 4    3553(a) factors, and I think it is sufficient, but not greater
 5    than necessary.
 6            For all those reasons, I'm going to accept your plea,
 7    which I'll do formally in a moment, and I'm going to impose a
 8    sentence of 54 months of incarceration, three years of
 9    supervised release, no fine, and a $100 special assessment.
10            Counsel, I'll just note for the record and for
11    Mr. Gonzalez's benefit that I find that you're fully competent
12    and capable of having entered an informed plea, that you are
13    aware of the nature of the charges and the consequences of your
14    plea, that your guilty plea was a knowing and voluntary one
15    supported by an independent basis in fact containing each of
16    the essential elements of the offense charged against you.  I,
17    therefore, accept your plea, and you're now adjudged guilty of
18    that offense.
19            I also accept the plea agreement and agree to be bound
20    by the sentencing range but will impose a sentence of 54
21    months.
22                  *  *  *  *  *  *  *  *  *  *
23
24
25
```